Feeemast,. J.,
delivered the opinion of the court.
This is an action brought for forcibly taking and ■carrying away nine boxes of tobacco, the property of Bowers. There were two trials in the court bélow. *84 On the plea of not guilty, in the first, the plaintiff recovered, and a new trial was granted by the court. In the second trial a verdict was found for defendant, and plaintiff appeals in error to this court. Several errors are assigned for a reversal of the cause, some of which we notice briefly:
1. The rejection of the deposition of one Wilhoit by the court, when offered as evidence by the plaintiff, is assigned as error. The facts are that the deposition of this witness had been taken in 1871, and filed in September of that year. No exceptions were ever filed to this deposition. For some cause the plaintiff had retaken his deposition, which was filed with the clerk February 20, 1872. This last deposition had been excepted to, and exceptions sustained by the clerk. This exception seems to have been filed on the day the trial commenced.
The exclusion of the deposition, was clearly erroneous. No exceptions had been filed to the deposition, and the fact that plaintiff chose to get leave of the court to retake the deposition of this witness could make no difference, it did not preclude him from using the former deposition, to which there appeared no legal exception when offered. It is said in argument that the deposition was excluded by the court because it was taken without leave of the court; but if the fact was so, the exception should have been taken regularly' before the clerk before the trial commenced. The provision of the Code in sec. 3868 is, "all exceptions to depositions for want of notice, because not notified in reasonable time or for other causes going to *85 the admissibility thereof — that is to the admissibility of the particular deposition — except to the competency of the witness or his evidence, shall be made and disposed of before the commencement of the hearing or the trial, otherwise they will be considered as waived.” The objection urged is only to the admissibility of this particular deposition, not to the competency of the witness or his evidence, and thereforecame too late — after the trial had been commenced. 'The testimony of the witness is material proof in the •cause for the plaintiff, as we .can see from the copy of it, made part of the bill of exceptions. It was, therefore, clearly error in the court to - refuse to allow it to be read on the trial.
2. Witness Laughlin was asked, “ was there not a robbing clan in the neighborhood before J. W. Ellis, the defendant, came home, and after he left, and who was the robbing clan?” She answered that there was such a clan, that they robbed her father, and Andrew Waddel was their leader. These statements were objected to by plaintiff as incompetent,, but the objection was overruled by the court. This was erroneous, as the testimony had no reasonable bearing on the iSsue joined between the ■ parties, and yet might serve, in the hands of counsel, to lead the jury to infer that the taking was by this clan. It ought to have been excluded as too remote, but if there were no other errors, we do not feel sure the case should be reversed for this, as it could have had rightfully but little influence in producing the conclusion sought to be proven by it.
*86 3. It is objected that the admission of testimony of threats by one Creamer, that he intended to take the tobacco, made before the taking, was improper. We cannot see that this was error, however, under the rule laid down in Hensley v. the State, 9 Hum., 243, “that it is a legitimate mode of defense to a party charged with having committed an act, that another had committed it.” And the court say that “ any proof would be legitimate to establish this fact, which would have been legal against the individual upon whom it is attempted to place it if he had been, on trial therefor.” The testimony given in this case,, standing alone, would certainly weigh but little in producing the conclusion that - Creamer took the tobacco* but we cannot say it' was incompetent.
There may be, and probably are, other errors to be found in this record, but we have referred to. enough for a reversal of the case, and need not notice others. Let the case be reversed and remanded for a new trial.